# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EARL SYKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-15-974-M |
| ) | |
| OKLAHOMA COUNTY SHERIFF ) | |
| OFFICER NATHAN BURROUGHS; ) | |
| DETENTION OFFICER KELLI ) | |
| CUNNINGHAM; ) | |
| BRENDA BACK, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is defendants' Motion to Dismiss Complaint, filed December 16, 2015. Plaintiff has filed no response.

On September 8, 2015, plaintiff filed the instant action, alleging 42 U.S.C. § 1983 claims against defendants based upon an April 2012 arrest. Plaintiff's § 1983 claims were initially asserted against defendants in his Amended Complaint in *Sykes v. City of Oklahoma City, et al.*, Case No. CIV-13-1060-M ("First Action"). *See* Amended Complaint [docket no. 60 in Case No. CIV-13-1060-M]. On March 5, 2015, the Court dismissed plaintiff's claims against defendants Back, Burroughs, and Cunningham without prejudice for insufficient service of process in the First Action. *See* March 5, 2015 Order [docket no. 178 in Case No. CIV-13-1060-M]. On March 16, 2015, plaintiff filed a second action against defendants Back, Burroughs, and Cunningham, asserting the same § 1983 claims that were asserted in the First Action, in *Sykes v. Back, et al.*, Case No. CIV-15-268-M ("Second Action"). *See* Complaint [docket no. 1 in Case No. CIV-15-268-M]. On September 4, 2015, the Court dismissed the Second Action based upon plaintiff's failure to pay the filing fee. *See* September 4, 2015 Order [docket no. 7 in Case No. CIV-15-268-M].

Defendants now move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1),(4),(5) & (6). In part, defendants assert that plaintiff's action is time barred because the Oklahoma one year savings statute, Okla. Stat. tit. 12, § 100, is not applicable to a third complaint filed.

"The statute of limitations on Section 1983 claims in Oklahoma is two years." *Jackson v. Standifird*, 463 F. App'x 736, 737 (10th Cir. 2012). Further, Okla. Stat. tit. 12, § 100 provides, in pertinent part:

> If any action is commenced within due time, and . . . if the plaintiff fail in such action otherwise than upon the merits, the plaintiff . . . may commence a new action within one (1) year after the . . . failure although the time limit for commencing the action shall have expired before the new action is filed.

Okla. Stat. tit. 12, § 100. Finally, the Oklahoma Supreme Court has held that § 100 "affords one and only one refiling if a case is dismissed after limitations has run." *Hull v. Rich*, 854 P.2d 903, 904 (Okla. 1993) (internal quotations and citation omitted).

Having reviewed defendants' motion and the court files in this case, as well as Case No. 13-1060-M and Case No. 15-268-M, the Court finds that the instant action should be dismissed as time barred. Specifically, the Court finds that the instant action is filed well after the two-year statute of limitations for § 1983 claims[1] and that Oklahoma's one-year savings statute does not apply because this is plaintiff's second refiling after the First Action was dismissed.

---

[1] The two-year statute of limitations would have run in April 2014.

Accordingly, the Court GRANTS defendants' Motion to Dismiss Complaint [docket no. 11] and DISMISSES this action.

**IT IS SO ORDERED this 29th day of February, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE